**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**Frank J.[1],**

                    **Plaintiff,**

**v.**

                                           **20-CV-687-HKS**

**COMMISSIONER OF SOCIAL SECURITY,**

                    **Defendant.**

_____

**DECISION AND ORDER**

        Plaintiff, Frank J., brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of Acting Commissioner of Social Security (the "Commissioner"), which denied his application for a period of disability and disability insurance benefits ("DIB") under Title II of the Act.  Dkt. No. 1.  This Court has jurisdiction over this action under 42 U.S.C. § 405(g) and the parties have consented to the disposition of this case by the undersigned pursuant to 28 U.S.C. § 636(c).  Dkt. No. 11.

        Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  Dkt. Nos. 7, 9.  For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 7) is GRANTED, and Defendant's Motion for Judgment on the Pleadings (Dkt. No. 9) is DENIED.

_____

[1] In accordance with Standing Order in November 2020, to better protect personal and medical information of non-governmental parties, this Decision and Order will identify plaintiff by first name and last initial.

## BACKGROUND

On April 17, 2017, Plaintiff protectively filed an application for DIB with the Social Security Administration ("SSA") alleging disability beginning on December 2, 2015, due to:  wrist injury, insomnia, depression, and anxiety.  Tr.[2] 163-170.  On June 19, 2017, Plaintiff's claims were denied by the SSA at the initial level and he requested review.  Tr. 55-70, 90-91.  On February 12, 2019, Plaintiff appeared with his attorney and testified, along with a vocational expert ("VE") before Administrative Law Judge, Stephan Bell ("the ALJ").  Tr. 29-54.  On February 25, 2019, the ALJ issued a decision finding Plaintiff was not disabled within the meaning of the Act.  Tr. 12-28.  Plaintiff timely requested review of the ALJ's decision, which the Appeals Council denied on April 8, 2020. Tr. 1-6.  Thereafter, Plaintiff commenced this action seeking review of the Commissioner's final decision.  Dkt. No. 1.

## LEGAL STANDARD

### I.    District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as

---

[2] References to "Tr." are to the administrative record in this matter.  Dkt. No. 6.

adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).  However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.    Disability Determination

An ALJ must follow a five-step process to determine whether an individual is disabled under the Act.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 404.1520(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  20 C.F.R. § 404.1520(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments.  *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work.  20 C.F.R. § 404.1520(f).  If the claimant can perform such requirements, then he or she is not disabled.  If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to demonstrate that the claimant "retains a residual functional capacity to perform the alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience.  *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I.  The ALJ's Decision

The ALJ's decision analyzed Plaintiff's claim for benefits under the process described above.  As an initial matter, the ALJ concluded Plaintiff met the

insured status requirements of the Act through December 31, 2020.  Tr. 17.   At step

one, the ALJ found Plaintiff has not engaged in substantial gainful activity since

December 2, 2015, the alleged onset date.  *Id.*  At step two, the ALJ found Plaintiff has

the following severe impairment:  left wrist scapholunate ligament tear status post

repair.  *Id.*  Also, at step two, the ALJ concluded that Plaintiff's anxiety and depression

were non-severe.  *Id.*  At step three, the ALJ concluded that Plaintiff's impairments,

alone or in combination, did not meet or medically equal any listings impairment.  Tr. 18.


Next, the ALJ determined Plaintiff retained the RFC to perform a limited

range of light work.[3] Tr. 19-22.  Specifically, Plaintiff can occasionally handle and finger

items with the left hand; occasionally climb ladders, ropes or scaffolds; occasionally

crawl; and occasionally work in areas where he is exposed to vibration.  Tr. 19.


At step four, the ALJ concluded Plaintiff is unable to perform his past

relevant work as a Metal Fabricator and Medical Driver.  Tr. 22.  At step five, the ALJ

considered Plaintiff's age (34 on alleged disability date), education, work experience,

RFC, and relied on the VE's testimony in concluding that there are jobs existing in

significant numbers in the national economy that Plaintiff can perform.  *Id.*  The ALJ

identified jobs that Plaintiff could perform:  Usher or Lobby Attendant, School Bus

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."  20 C.F.R. §§ 416.1567(b) and 416.967(b).

Monitor, and Mailroom Clerk.  Tr. 23.  Accordingly, the ALJ determined that Plaintiff was not disabled under the Act from December 2, 2015 through February 28, 2019.  Tr. 23-24.

II.     **Analysis**

Plaintiff argues that this matter should be remanded for further proceedings because the ALJ erred by omitting his chronic back pain at step two of the sequential disability analysis.  Dkt. No. 7 at 9.  The Commissioner counters that Plaintiff failed to demonstrate that his chronic back pain was a medically determinable impairment and further contends that even if Plaintiff's chronic back pain were a medically determinable impairment, Plaintiff failed to meet his burden of demonstrating that it caused significant functional limitations.  Dkt. No. 9 at 7.  This Court finds that the ALJ should have considered the severity and limiting effect of, if any, Plaintiff's chronic back pain, and that such error was harmful.

At step two, the ALJ must determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe, meaning that it limits his or her ability to do basic work activities, and meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii) and (c); 416.920(a)(4)(ii) and (c). The Second Circuit has strongly cautioned that the severity standard at step two is to be applied "solely to screen out *de minimus* claims."  *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995) (citation omitted).  If a claimant has multiple impairments, the impairments must be considered in combination.  20 C.F.R. § 404.1523.  "The ALJ must consider the

combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." *Taylor v. Astrue*, 2012 WL 1415410, *2 (N.D.N.Y. April 24, 2012) (internal citations and quotations omitted) (remanding where the ALJ failed to discuss the claimant's wrist impairment at step two and only briefly acknowledged the impairment in determining the claimant's RFC).  The RFC analysis performed at subsequent steps of the disability analysis must account for limitations imposed by both severe and non-severe impairments.  See 20 C.F.R. § 404.154(a)(2); 416.945(a)(2).

Here, at step two the ALJ assessed Plaintiff with a single severe impairment, left wrist scapholunate ligament tear status post repair, and concluded Plaintiff's anxiety and depression were non-severe impairments.  Tr. 17.   The ALJ did not consider Plaintiff's chronic back pain at step two.

"Where an ALJ excludes certain impairments from the list of severe impairments at the second step, any such error is harmless where the ALJ identifies other severe impairments such that the analysis proceeds and the ALJ considers the effects of the omitted impairments during subsequent steps." *Calixte v. Colvin*, 2016 WL 1306533, at *23 (E.D.N.Y. Mar. 31, 2016).  However, where an impairment is excluded at step two and the ALJ fails to account for functional limitations associated with the impairment in determining the claimant's RFC, remand for further proceedings is appropriate.  *Fontanez v. Colvin*, 2017 WL 4334127, *15 (E.D.N.Y. September 28, 2017) (internal citation omitted) (finding the ALJ's failure to acknowledge or discuss the

claimant's neck pain at step two or anywhere in the decision was not harmless error and remand was warranted).

In *Fontanez*, the Court noted that the claimant's neck pain was documented in the administrative record by two of the claimant's medical providers and notes from the SSA interviewer. *Id.* at *16. In two separate letters, the claimant's doctor opined that the claimant was unable to work due to chronic neck pain; another doctor diagnosed the claimant with neck pain secondary to muscle spasms; and the SSA interviewer noted that the claimant did not move her head or neck much. *Id.* The Court found that such medical records suggested that the claimant's neck pain was an ongoing condition that potentially limited the claimant's ability to function or work and the ALJ erred in failing to address the condition at step two or any subsequent steps. *Id.*

Like the claimant in *Fontanez*, Plaintiff's chronic back pain is documented in the administrative record by his medical providers. Both the consultative examiner, Hongbiao Liu, M.D. ("Dr. Liu") and Plaintiff's primary care provider Antonia Redhead, M.D. ("Dr. Redhead") diagnosed Plaintiff with chronic low back pain. Tr. 256-58, 361. Upon examination in May of 2017, Dr. Liu diagnosed Plaintiff with chronic low back pain and observed Plaintiff could squat 50% due to low back pain and had a reduced range of motion in his spine. Tr. 257-58. The doctor assessed moderate limitations for prolonged walking, bending, kneeling, and lifting. Tr. 257, 259. In September of 2017, Dr. Redhead examined Plaintiff for follow-up of chronic conditions, including chronic

back pain for which she prescribed Plaintiff: Ibuprofen (800 mg); Hydrocodone-
Acetaminophen; a lumbar back brace/support pad, and heating pad.  Tr. 363-64.  In
February of 2018, Dr. Redhead noted Plaintiff was being seen for follow-up of chronic
low back pain with symptoms of stiffness but no decreased range of motion of the back,
no leg pain and no leg numbness.  Tr. 359.  She prescribed Tramadol as needed for low
back pain.  Tr. 360-61.  In September of 2018, Dr. Redhead examined Plaintiff again
and continued the Tramadol prescription, Lumbar Back Brace/Support Pad, and heating
pad for his low back pain.  Tr. 358.  Again, if the ALJ continues the sequential disability
analysis and eventually considers all impairments in determining Plaintiff's RFC, any
error at step two is harmless.  *Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d. Cir.
2013) (finding harmless error where the ALJ explicitly considered impairments omitted
at step two during subsequent steps of the disability analysis).


       Here, this Court is unable to conclude that the ALJ's step two error is
harmless because the ALJ did not acknowledge or discuss Plaintiff's chronic back pain
during subsequent steps of the disability analysis, including in evaluating the RFC.  In
support of the RFC determination, the ALJ briefly discussed Dr. Liu's opinion, summarily
concluding that the opinion was not persuasive because the doctor used the term
"moderate" in assessing moderate limitations for carrying with the left hand and was
unclear as to Plaintiff's ability to lift with his left hand.  *Id.*  Dr. Liu issued the following
medical source statement: "In my opinion, the claimant has mild to moderate limitation
for prolonged walking, bending, kneeling, lifting, and carrying with the left hand."  Tr.
259.  The ALJ did not address the doctor's opinion regarding Plaintiff's ability to walk,

bend, or kneel in relation to his chronic back pain.  Furthermore, the ALJ did not discuss any medical evidence from Dr. Redhead, including the treatment she prescribed for Plaintiff's chronic back pain during the relevant period.

Although the Commissioner expends a great deal of effort extensively discussing Plaintiff's chronic back pain and the supporting medical documentation available in the administrative record—arguing that the ALJ's omission amounts to harmless error—post hoc explanations for why an impairment is seemingly ignored by the ALJ cannot be accepted by a reviewing Court.  *Ann P. v. Saul*, 2021 WL 671894, at *6 (W.D.N.Y. Feb. 22, 2021) (internal citation omitted) (remanding for the ALJ to "examine whether the claimant's urinary urgency and frequency, or any related urologic diagnosis, is a medically determinable impairment, whether it is severe or non-severe in nature, and the limiting effects it may have on [the claimant's] RFC assessment").

Accordingly, this Court finds that this matter should be remanded for the ALJ to examine whether Plaintiff's chronic back pain is a medically determinable impairment, whether it is severe or non-severe in nature, and the limiting effects it may have on his RFC.

**CONCLUSION**

For these reasons, Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 7) is GRANTED.  The Commissioner's Motion for Judgment on the Pleadings (Dkt. No. 9) is DENIED.  The Clerk of Court shall enter judgment and close this case.

**SO ORDERED.**

DATED:      Buffalo, New York
            September 17, 2021


                                        ***S/ H. Kenneth Schroeder, Jr.***
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**